UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DANIEL PANTOJA,

              Plaintiff,

    v.

STATE OF CALIFORNIA, et al.,

              Defendant.

No. 2:20-cv-00809-TLN-DB

**ORDER**

      This matter is before the Court pursuant to Defendants State of California, the California Department of Corrections and Rehabilitation ("CDCR"), High Desert State Prison ("HDSP"), HDSP Warden M. Elliot Spearman ("Spearman"), and CDCR Counselor Drake's ("Drake") (collectively, "Defendants") Motion to Dismiss.  (ECF No. 12.)  Plaintiff Daniel Pantoja ("Plaintiff") opposed Defendants' motion. (ECF No. 14.)  Defendants filed a Reply.  (ECF No. 15.)  Having carefully considered the parties' briefings, the Court hereby GRANTS Defendants' Motion to Dismiss.

///

///

///

///

///

1

1

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, a state prisoner, brings the instant action based on injuries he received from members of the gang Zapa Tisa while housed at HDSP. Plaintiff is a former member of Zapa Tisa and was originally housed at California Correctional Institute ("CCI"). (ECF No. 10 at 4.) After Plaintiff withdrew from the gang, he feared he would be attacked by Zapa Tisa members. (*Id.*) As a result, Plaintiff was transferred to HDSP. (*Id.*) At his meeting with the Classification Committee for Placement, Plaintiff told Spearman and Drake that Zapa Tisa gang members intended to assault and harm him. (*Id.* at 5.) Spearman allegedly told Plaintiff, "it's not my problem, you better defend yourself." (*Id.*) Thereafter, Spearman purportedly forced Plaintiff to use the yard with Zapa Tisa gang members. (*Id.*) Within the week, Zapa Tisa members attacked Plaintiff, stabbing him over 27 times. (*See id.*) Plaintiff required emergency medical treatment. (*See id.*) Plaintiff claims he continues to suffer from pain and limited mobility. (*Id.*)

The operative Complaint[1] asserts both federal and state claims against all Defendants. (ECF No. 10.)

On June 23, 2020, Defendants, "in their official capacities," filed the instant Motion to Dismiss. (ECF No. 12; *see also* ECF No. 11 at 1 n.1.) That same day, Defendants Spearman and Drake, "in their personal capacities," filed an answer to the complaint. (ECF No. 11.)

## II.    STANDARD OF LAW

A motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon

---

[1]    Plaintiff initiated the instant action in this District on April 20, 2020. (ECF No. 1.) However, the caption on the first page of the Complaint incorrectly identified the forum as the Northern District of California. (*Id.* at 1.) On June 1, 2020, Plaintiff filed a Notice of Errata (ECF No. 10-1) and a corrected complaint (ECF No. 10), which Defendants incorrectly refer to as Plaintiff's First Amended Complaint. The Court shall refer to Plaintiff's filing as the Complaint.

which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570.

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." ///

3

1    *Id.* at 678.  This plausibility inquiry is "a context-specific task that requires the reviewing court to
2    draw on its judicial experience and common sense."  *Id.* at 679.

3        If a complaint fails to state a plausible claim, "'[a] district court should grant leave to
4    amend even if no request to amend the pleading was made, unless it determines that the pleading
5    could not possibly be cured by the allegation of other facts.'"  *Lopez v. Smith*, 203 F.3d 1122,
6    1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)).

7        **III.    ANALYSIS**

8        Defendants move to dismiss the Plaintiff's claims as barred by the Eleventh Amendment
9    and seek dismissal of HDSP on the additional ground that it is an improper Defendant.  (ECF No.
10   12 at 4–5.)

11            A.    Eleventh Amendment Immunity

12       "The Eleventh Amendment bars suits for money damages in federal court against a state,
13   its agencies, and state officials acting in their official capacities."  *Aholelei v. Dep't of Pub.*
14   *Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007); *see also Hubbard v. California Dep't of Corr. &*
15   *Rehab.*, 585 F. App'x 403, 404 (9th Cir. 2014) (affirming dismissal of CDCR, Pleasant Valley
16   State Prison, and Wasco State Prison as state agencies immunized by the Eleventh Amendment).
17   This Eleventh Amendment immunity extends to state law claims over which a federal court could
18   exercise supplemental jurisdiction.  *S.B. v. Cal. Dep't of Educ.*, 327 F. Supp. 3d 1218, 1235 (E.D.
19   Cal. 2018).  However, the Eleventh Amendment does not bar federal or pendent state claims
20   brought against a state official in his personal capacity.  *Ashker v. Cal. Dep't of Corr.*, 112 F.3d
21   392, 394–95 (9th Cir. 1997).

22       Here, Defendants move to dismiss Plaintiff's federal and state law claims against the
23   public entity Defendants (State of California, CDCR, and HDSP) and the individual Defendants
24   (Spearman and Drake) in their official capacity.  (*See* ECF No. 12 at 3–6.)  Defendants argue the
25   claims are barred by Eleventh Amendment immunity.  (*Id.*)  In opposition, Plaintiff does not
26   dispute Eleventh Amendment immunity applies to public entities and official capacity defendants
27   but instead asserts his claims are not barred by the Eleventh Amendment because they are
28   "expressly" asserted against the individual Defendants in their personal capacity.  (*See generally*

4

ECF No. 14.)  In reply, Defendants reiterate that they are only seeking dismissal of Plaintiff's claims as asserted against Spearman and Drake in their official capacities and do not seek to dismiss claims against Spearman and Drake in their individual capacities.  (ECF No. 15.)

In light of the aforementioned authorities and the parties' apparent agreement, the Court finds Plaintiff's claims against the state entities and the individual Defendants in their official capacities are barred by the Eleventh Amendment. *Hubbard*, 585 F. App'x at 404; *Aholelei*, 488 F.3d at 1147.  Plaintiff's claims against Spearman and Drake in their personal capacity — which Defendants do not seek to dismiss in the instant Motion — are not barred. *See Ashker*, 112 F.3d at 394–95.

          **B.**      <u>Motion to Dismiss HDSP</u>

Having determined Eleventh Immunity attaches to HDSP, the Court need not reach Defendants' alternative arguments.

**IV.**    **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 12) is hereby GRANTED.  Defendants State of California, CDCR, and HDSP are DISMISSED with prejudice. Plaintiff's claims against Spearman and Drake — in their official capacity only — are DISMISSED with prejudice.  This matter proceeds on Plaintiff's claims against Spearman and Drake in their personal capacity.

IT IS SO ORDERED.

DATED:  March 30, 2021

Troy L. Nunley
United States District Judge