UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL PANTOJA,<br><br>  Plaintiff,<br><br>  v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>  Defendants. | No. 2:20-cv-00809-TLN-DB<br><br>**ORDER** |

This matter is before the Court pursuant to Defendants High Desert State Prison ("HDSP") Warden Elliot M. Spearman ("Spearman") and California Department of Corrections and Rehabilitation ("CDCR") Counselor Drake's ("Drake") (collectively, "Defendants") Motion for Summary Judgement. (ECF No. 13.)[1] Plaintiff Daniel Pantoja ("Plaintiff") filed an opposition. (ECF No. 16.) Defendants filed a reply. (ECF No. 21.) For the reasons set forth below, Defendants' motion is GRANTED.

///

///

///

---

[1] The Court notes this Motion was initially brought by CDCR and HDSP as well. (*See* ECF No. 13.) This Court dismissed CDCR and HDSP with prejudice from this action on March 31, 2021. (*See* ECF No. 24.) Accordingly, the Court will only address arguments regarding Spearman and Drake in this Order.

1

**I.    FACTUAL AND PROCEDURAL BACKGROUND[2]**

Plaintiff initiated this action on April 20, 2020. (ECF No. 13-2, Defendants' Statement of Undisputed Facts ("DSUF") ¶ 13.) From at least February 6, 2019, through May 6, 2019, Plaintiff was a prisoner within the custody of CDCR.[3] (*Id.* at ¶ 1; ECF No. 16-1, Plaintiff's Response in Opposition to DSUF ("PSUF"), ¶ 1.) Defendants were employed by CDCR at HDSP. (DSUF ¶ 5.)

Plaintiff alleges that between February 6, 2019, and May 6, 2019, prison officials at HDSP and California Correctional Institution ("CCI") ignored his safety concerns with respect to the Zapa Tisa gang, leading to Plaintiff being attacked by members of the gang on May 6, 2019. (*Id.* at ¶ 6.)

CDCR maintains an administrative grievance process for all inmates within its custody, which is available at all CDCR institutions, including CCI and HDSP.[4] (*Id.* at ¶ 7.) The administrative grievance process had three levels of review. (*Id.* at ¶ 8.) The first two levels are handled by the local institution and the third level of review is handled by CDCR's Office of Appeals ("OOA"). (*Id.* at ¶ 9.) An inmate can begin the grievance process by completing a CDCR Form 602 — which must include at minimum a description of the issue under appeal, the

---

[2]   This section provides a general overview of the action based on the evidence submitted by the parties, from which the Court largely finds there are no genuine disputes of material fact. The Court will note where a dispute exists.

[3]   Defendants maintain Plaintiff was a prisoner within the custody of CDCR for "all times relevant to the Complaint." (DSUF ¶ 1.) Plaintiff disputes this, stating he was "transferred to Shasta County Jail" shortly after the incident. (PSUF ¶ 1.) Defendants argue in reply that Plaintiff was not transferred to Shasta County Jail until August 13, 2019, more than three months after the incident. (ECF No. 21 at 4.) Accordingly, it is not disputed that Plaintiff was in CDCR custody from the dates prior to and leading up to the incident at issue.

[4]   Plaintiff disputes this, stating that the "grievance process was effectively unavailable to Pantoja." (PSUF, ¶ 7.) Plaintiff argues HDSP staff, including Spearman intimidated Plaintiff and he feared he would have faced retaliation had he filed a grievance. (*Id.*) As evidence, Plaintiff cites to his complaint. (*Id.*) "[A] complaint's allegations are not evidence at the summary-judgment stage." *VBS Distribution, Inc. v. Nutrivita Lab'ys, Inc.*, 811 F. App'x 1005, 1011 (9th Cir.), *cert. denied*, 141 S. Ct. 454, 208 L. Ed. 2d 145 (2020) (citing *Moran v. Selig*, 447 F.3d 748, 759 (9th Cir. 2006)). Because Plaintiff has offered no admissible evidence, the Court deems this fact undisputed.

1  staff members involved, and the action requested. (*Id.* at ¶ 10.) CDCR Form 602 is widely
2  available within CDCR institutions including in the housing units, law libraries, and by request.
3  (*Id.* at ¶ 11.) CDCR's grievance process is not deemed exhausted until an inmate has submitted a
4  grievance through all three levels of review. (*Id.* at ¶ 12.)

5  Between February 6, 2019 and April 20, 2020, Plaintiff did not file an administrative
6  grievance mentioning the conduct at issue in the Complaint. (*Id.* at ¶ 14.)

7  **II.     STANDARD OF LAW**

8  Summary judgment is appropriate when the moving party demonstrates no genuine issue
9  of any material fact exists and the moving party is entitled to judgment as a matter of law. Fed.
10 R. Civ. P. 56(a); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Under summary
11 judgment practice, the moving party always bears the initial responsibility of informing the
12 district court of the basis of its motion, and identifying those portions of "the pleadings,
13 depositions, answers to interrogatories, and admissions on file together with affidavits, if any,"
14 which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v.*
15 *Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof
16 at trial on a dispositive issue, a summary judgment motion may properly be made in reliance
17 solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id*. at
18 324 (internal quotation marks omitted). Indeed, summary judgment should be entered against a
19 party who does not make a showing sufficient to establish the existence of an element essential to
20 that party's case, and on which that party will bear the burden of proof at trial.

21 If the moving party meets its initial responsibility, the burden then shifts to the opposing
22 party to establish that a genuine issue as to any material fact does exist. *Matsushita Elec. Indus.*
23 *Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *First Nat'l Bank of Ariz. v. Cities Serv.*
24 *Co.*, 391 U.S. 253, 288–89 (1968). In attempting to establish the existence of this factual dispute,
25 the opposing party may not rely upon the denials of its pleadings, but is required to tender
26 evidence of specific facts in the form of affidavits, and/or admissible discovery material, in
27 support of its contention that the dispute exists. Fed. R. Civ. P. 56(c). The opposing party must
28 demonstrate that the fact in contention is material, *i.e.*, a fact that might affect the outcome of the

suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and that the dispute is genuine, *i.e.*, the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* at 251–52.

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *First Nat'l Bank of Ariz.*, 391 U.S. at 288–89. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. Co.*, 475 U.S. at 587 (quoting Rule 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with any applicable affidavits. Fed. R. Civ. P. 56(c); *SEC v. Seaboard Corp.*, 677 F.2d 1301, 1305–06 (9th Cir. 1982). The evidence of the opposing party is to be believed and all reasonable inferences that may be drawn from the facts pleaded before the court must be drawn in favor of the opposing party. *Anderson*, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987). Finally, to demonstrate a genuine issue that necessitates a jury trial, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Id.* at 587.

### III. ANALYSIS

Defendants argue Plaintiff failed to exhaust his available administrative remedies and thus the Court should dismiss Plaintiff's claims. (ECF No. 13-1.) Plaintiff, in opposition, argues he was precluded by HDSP staff from filing a grievance due to fear of retaliation. (ECF No. 16 at 4.)

"The Prison Litigation Reform Act of 1995 (PLRA) mandates that an inmate exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions." *Ross v. Blake*, 578 U.S. 632, 635 (2016) (quoting 42 U.S.C. § 1997e(a)). "The only limit to § 1997e(a)'s mandate is the one baked into its text: An inmate need exhaust only such administrative remedies as are 'available.'" *Id.* at 648. Thus, "an inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'" *Id.* at 642 (quoting *Booth v. Churner*, 532 U.S. 731, 738). Once "there are no 'remedies . . . available' . . . the prisoner need not further pursue the grievance." *Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005) (citing *Booth*, 532 U.S. at 739).

When filing a grievance, prisoners must adhere to CDCR's "critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 91 (2006). "[I]t is the prison's requirements . . . that define the boundaries of proper exhaustion." *Jones v. Block*, 549 U.S. 199, 218 (2007). A prisoner's failure to exhaust available administrative remedies is an affirmative defense that generally must be raised by defendants and proven on a motion for summary judgment. *See Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014), *cert. denied sub nom. Scott v. Albino*, 135 S. Ct. 403 (2014).

There are only "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief." *Ross*, 578 U.S. at 643. These circumstances are as follows: (1) the "administrative procedure . . . operates as a simple dead end — with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) the "administrative scheme . . . [is] so opaque that it becomes, practically speaking, incapable of use . . . so that no ordinary prisoner can make sense of what it demands"; and (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 643–44 (citations omitted). Other than these circumstances demonstrating the unavailability of an administrative remedy, the mandatory language of 42 U.S.C. § 1997e(a) "foreclose[es] judicial discretion," which "means a court may not excuse a failure to exhaust, even to take [special] circumstances into account." *Id.* at 639. If a court concludes that a prisoner failed to exhaust his available administrative remedies, the proper remedy is dismissal without prejudice. *See Jones*, 549 U.S. at 223–24; *Lira v. Herrera*,

427 F.3d 1164, 1175-76 (9th Cir. 2005).

Here, it is undisputed that Plaintiff did not file an administrative grievance. (DSUF ¶ 13.) Plaintiff argues in his motion that he was unable to file a grievance because "HDSP Staff, including [Spearman]" prevented him from filing a grievance. (ECF No. 16 at 3.) Plaintiff provides no evidence other than his unverified Complaint to support this assertion. This is not admissible evidence at the summary judgment stage. *See VBS Distrib., Inc.*, 811 F. App'x at 1011.

Even assuming Plaintiff's Complaint was admissible to prove that he was unable to file a grievance, under the fear of retaliation test, a plaintiff must show that "(1) he actually believed prison officials would retaliate against him if he filed a grievance; and (2) a reasonable prisoner of ordinary firmness would have believed that the prison official's action communicated a threat not to use the prison's grievance procedure and that the threatened retaliation was of sufficient severity to deter a reasonable prisoner from filing a grievance." *Rodriguez v. Cnty. of Los Angeles*, 891 F.3d 776, 792 (9th Cir. 2018). The first prong of this test is subjective, and the second, objective. *See McBride v. Lopez*, 807 F.3d 982, 987–88 (9th Cir. 2015).

Plaintiff's Complaint includes allegations of harmful conduct by Defendants but nothing specific to retaliation for filing a grievance. (*See* ECF No. 1 at 5 (alleging Spearman forced Plaintiff to use yard despite knowing of threat and further alleging he was placed in solitary confinement).) Plaintiff vaguely reiterated these concerns in his opposition stating he was worried he would be placed in solitary confinement if he filed a grievance, and he was scared Spearman would force him to continue to use the yard with Zapa Tisa gang members. (ECF No. 16-1 at 4.) These allegations are insufficient to excuse Plaintiff's failure to exhaust his remedies. *Guerrero v. Sniff*, No. EDCV 13-0092-JGB JPR, 2014 WL 7461464, at *7 (C.D. Cal. Dec. 29, 2014) ("[A] mere generalized fear of retaliation is insufficient to excuse his failure to exhaust administrative remedies."). Moreover, "Plaintiff's allegations in the [o]pposition, which were not made under penalty of perjury, are not evidence."[5] *Guerrero*, 2014 WL 7461464, at *8 (citing

---

[5] Moreover, each statement in Plaintiff's Statement of Undisputed facts, with the exception of when Plaintiff was transferred to Shasta County Jail, cites only to Plaintiff's unverified

*Anderson*, 477 U.S. at 256.

Plaintiff has not complied with CDCR's administrative-grievance procedure, nor has he carried his burden of submitting evidence showing that administrative remedies were effectively unavailable to him. Accordingly, Defendants' motion for summary judgment is GRANTED.

### IV. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendants' Motion for Summary Judgment. (ECF No. 13.) The Clerk of the Court is directed to enter judgment in favor of Defendants and close this case.

IT IS SO ORDERED.

DATED: February 1, 2022

Troy L. Nunley
United States District Judge

---

Complaint as evidence. As noted, this is insufficient evidence at the motion for summary judgment stage.